**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STEEL, PAPER & FORESTRY | ) | |
| RUBBER, MANUFACTURING, ENERGY | ) | |
| ALLIED INDUSTRIAL & SERVICE | ) | |
| WORKERS INTERNATIONAL UNION, | ) | |
| AFL-CIO/CLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CV-360-TLS-JEM |
| | ) | |
| ARCELORMITTAL USA and AM/NS, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**
**AND FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on AM/NS Calvert LLC's Motion to Dismiss, Stay, or

Transfer Venue [DE 9], filed December 13, 2019, Defendant ArcelorMittal USA LLC's Motion

to Stay Proceedings or in the Alternative Transfer Venue [DE 13], filed December 16, 2019, and

Defendant ArcelorMittal USA LLC's Motion to Strike Plaintiff's Untimely Response Brief to

Defendant's Motion to Stay Proceedings or in the Alternative Transfer Venue [DE 22], filed

January 10, 2020.

On April 30, 2020, Chief Judge Theresa L. Springmann entered an Order [DE 26] referring

the instant motions to the undersigned Magistrate Judge for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's

combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the

motion to dismiss.

The non-dispositive portions of the motions (the requests to stay, transfer venue, and strike)

1

are not subject to the Order of Referral.

## I. Background

On September 24, 2019, the Union filed a Complaint for breach of Contract, alleging that the defendants did not comply with applicable provisions of the Basic Labor Agreement and the included neutrality agreement.

The BLA is a collective bargaining agreement between the Union and ArcelorMittal USA that applies to AMUSA's unionized employees in five states, including Indiana. It includes a neutrality agreement that applies to Defendant AMUSA's non-unionized affiliates and ventures. Part of that agreement requires AMUSA to cause these affiliates to comply with the provisions of the neutrality agreement. The Union alleges that one of these affiliates is AM/NS Calvert LLC, a joint venture between an affiliate of AMUSA and Nippon Steel. The Union alleges that there were disagreements between it and AM/NS regarding an organizing campaign at an AM/NS facility in Alabama, and both parties alleged violations of the neutrality agreement. An arbitration hearing was held in Alabama regarding the alleged violations. There are still disputes between the parties over the application of the arbitrator's directive and the organizing campaign, and charges are pending before the National Labor Relations Board (NLRB).

## II. Analysis

Defendant AM/NS moves for dismissal of the case for lack of personal jurisdiction and because the NLRB has jurisdiction over unfair labor practices claims or, in the alternative, requests that the action be stayed pending the outcome of the NLRB proceedings and/or transferred to the Southern District of Alabama. Defendant AMUSA argues that the case should be stayed pending the outcome of the NLRB proceedings or transferred to the Southern District of Alabama. AMUSA

also moves to strikes a brief filed by the Union.

As one alternative, both defendants move to have the case transferred to the Southern District of Alabama; AMUSA argues that transfer is appropriate pursuant to 28 U.S.C. § 1404(a), and AM/NS argues that transfer should be made pursuant to 28 U.S.C. § 1406(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In order for a district court to transfer a case: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). When venue is not proper, the "district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."). A court need not have personal jurisdiction over the defendant to transfer a case pursuant to § 1406(a). *Goldlawr, Inc. v. Haiman*, 369 U.S. 463, 465-66 (1962).

AM/NS argues that this court does not have jurisdiction over it. AM/NS is an LLC with a place of formation in Delaware and place of business in Alabama. It asserts that the members of the LLC are "at home" in New York and Luxembourg, not Indiana. It also argues that the case should be dismissed or stayed because the NLRB has primary jurisdiction of unfair labor practices

charges and exclusive jurisdiction over questions concerning representation. Defendant AMUSA argues that the interests of justice require that the case be transferred to the Southern of District of Alabama or, alternatively, that proceedings in this case should be stayed pending resolution of unfair labor practice charges before the NLRB.

As an initial matter, the Court must determine whether it has jurisdiction over this case. AM/NS argues that there is no personal jurisdiction because it has done nothing to avail itself of any benefits or any business in Indiana and is not a citizen of Indiana. AM/NS was formed in Delaware, its primary place of business is in Alabama, it does not do business in Indiana, and none of the members of the LLC reside in Indiana. One LLC member is a New York corporation with its principal place of business in New York. AM/NS explains that the other member is ArcelorMittal Calvert LLC, wholly owned by ArcelorMittal North America Holdings LLC, which was formed in Delaware and is itself owned by Ispat Inland S.a.r.l of Luxembourg. Ispat is owned by ArcelorMittal S.A., a Luxembourg-established entity with its principal place of business in Luxembourg. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and AM/NS argues that it could be subject to general personal jurisdiction in Delaware, Alabama, New York, or Luxembourg, but not Indiana. AM/NS's facilities are in Alabama, it does business in Alabama, and the agreement with the Union was entered into in Alabama involving Alabama employees. It argues that none of its conduct as alleged in the Complaint creates any connection with Indiana. The organizing campaign that initially provoked the dispute was conducted among AM/NS employees in Alabama, and the dispute was initially arbitrated in Alabama.

AM/NS also argues that its relationship with Defendant AMUSA does not create

4

jurisdiction in Indiana. AMUSA has several operating facilities, including one in Indiana, and its principal place of business in Chicago. ArcelorMittal North American Holdings LLC, the entity that owns ArcelorMittal Calvert LLC (50% member of Defendant AM/NS), wholly owns ArcelorMittal USA Holdings II LLC, the entity that wholly owns Defendant AMUSA. Accordingly, AMUSA is not a parent or member of AM/NS, and its citizenship does not confer to AM/NS.

The Union asserts that jurisdiction is appropriate in the Northern District of Indiana. It focuses on the neutrality agreement and argues that the BLA brought AM/NS into a contractual relationship with the Union for the purposes of the neutrality agreement. The Union argues that AMUSA is responsible for assuring that AM/NS is in compliance with the neutrality agreement, and that because AMUSA's administration of the BLA is based out of Indiana, jurisdiction is appropriate here. It asserts that AM/NS created continuing relationships and obligations with AMUSA by agreeing to be bound by the neutrality agreement and it is subject to AMUSA's direction for purposes of complying with the neutrality agreement, thereby creating contacts with AMUSA in Indiana. The Union asserts that AM/NS should have anticipated that litigation arising out of the breach of the BLA and Defendants' obligations under the neutrality agreement would be brought in Indiana.

AM/NS responds that it is not a party to the BLA and notes that, even if it was, the BLA does not have a forum-selection clause specifying Indiana as the forum. It argues that AMUSA does not control AM/NS in a manner as to make AM/NS a subsidiary as defined in the BLA. It emphasizes that it is no way an affiliate of AMUSA, since AMUSA is not a parent or owner of AM/NS, nor is AMUSA a member of any of the LLCs that are members of AM/NS. AM/NS

argues that, although it agreed to attend arbitration with the Union regarding the neutrality agreement, and AM/NS and the Union adopted language in their agreement from the agreement between AMUSA and the Union, borrowing terms does not mean that the parties were availing itself of a jurisdiction where AMUSA does business.

The Court agrees AM/NS is not a citizen of Indiana, so there is no general personal jurisdiction over it. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2011) ("[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, (2011)). The question, then, is whether there is specific personal jurisdiction. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945). Unlike general jurisdiction, for there to be specific jurisdiction "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779–80 (2017) (quoting *Goodyear*, 564 U.S., at 919).

The Union argues that "AM/NS 'reached out' beyond Alabama to create continuing

relationships and obligations with AMUSA when it agreed to be bound by the Neutrality

Agreement and subject to the direction of AMUSA for purposes of compliance with the Neutrality

Agreement." However, as described in the Complaint and the parties' briefs, there is no indication

that AM/NS in any way directed its activities towards Indiana or attempted to conduct business in

Indiana, and the factual allegations as described in the Complaint and briefs involve actions and

activities, including arbitration, that took place in Alabama, not Indiana. Accordingly, there is no

specific jurisdiction over AM/NS.

Because there is no jurisdiction, venue is not proper in the Northern District of Indiana,

and the "district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to

any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28

U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a

want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal

to any other such court in which the action or appeal could have been brought at the time it was

filed."); *Buerger v. Ellis*, 740 F. App'x 500, 501 (7th Cir. 2018) ("A district court may transfer a

civil action to any district where it might have been brought if it is in the interest of justice. District

courts have broad discretion under section 1404(a) and section 1406(a), and must consider factors

such as docket congestion, each court's relative familiarity with the relevant law, the respective

desirability of resolving controversies in each district, and the relationship of each community to

the controversy.") (citing 28 U.S.C. §§ 1404(a), 1406(a)).

Although AM/NS requests that the case be dismissed for lack of jurisdiction, it also

requests transfer as alternative relief. AM/NS agrees that the Southern District of Alabama has

jurisdiction over it, and AMUSA also moves to have the case transferred to the Southern District

of Alabama. The defendants agree that the case could have been brought in the Southern District of Alabama, that the material events in this case arose there, and the witnesses, parties, and proof are primarily located in the Southern District of Alabama. In addition, the interests of justice favor transfer to the Southern District of Alabama: it has fewer pending cases, is the location where the employees reside, is where the actions giving rise to the dispute occurred, and is where other related cases are likely to be brought. The Union argues that its witnesses who negotiated the BLA reside in Indiana, making this Court more convenient for it, but it does not address the other factors. Rather than dismiss the case entirely, the Court concludes that the interests of justice favor its transfer to the Southern District of Alabama so that it can be fully resolved on the merits.

Defendants' requests that the case be stayed must be handled by a court that has jurisdiction over the parties. Likewise, AMUSA moves to strike the Union's brief responding to Defendants' motions to stay or transfer, arguing that the brief was filed late and without seeking leave for an extension of filing out of time. Although the Court notes that this is accurate, *see* N.D. Ind. 7-1(d)(3) ("A party must file any response brief to a motion [other than a motion brought under Rule 56 or Rule 12] within 14 days after the motion is served."), given the lack of jurisdiction as described above, the case is being transferred and the request is moot.

### III.    Conclusion

For the foregoing reasons, the Court hereby **DENIES as moot** Defendant ArcelorMittal USA LLC's Motion to Strike Plaintiff's Untimely Response Brief to Defendant's Motion to Stay Proceedings or in the Alternative Transfer Venue [DE 22] and Defendants' requests to stay the case. The Court **GRANTS in part** Defendant ArcelorMittal USA LLC's Motion to Stay Proceedings or in the Alternative Transfer Venue [DE 13] and AM/NS Calvert LLC's Motion to

Dismiss, Stay, or Transfer Venue [DE 9] insofar as they request transfer of this case. The Court **RECOMMENDS** that the District Court **DENY in part** AM/NS Calvert LLC's Motion to Dismiss, Stay, or Transfer Venue [DE 9] as to the motion to dismiss, and **DIRECT** the Clerk of Court to transfer this case to the Southern District of Alabama for all further proceedings.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 13th day of May, 2020.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

9